## MARKET BANK *v.* HARTSHORNE.

### December, 1866.

Under the usage of banks in the city of New York, a bank which in good faith receives a check from a depositor and passes it to his credit, and on the same day receives, through the clearing house, checks drawn by him, and charges them against such deposit, is a *bona fide* holder of the deposited check for value.

The Market Bank sued Richard Hartshorne, in the supreme court, on a check drawn by defendant on the Grocers' Bank, to the order of the firm of Abbatt & Minturn, indorsed by that firm, and by them delivered to the plaintiff.

The defense was, that defendant gave his check to Abbatt & Minturn in exchange for a check for the same amount, for their accommodation, and without any benefit to the defendant, and that it was obtained by Abbatt & Minturn by the fraudulent concealment of their insolvency; and that the plaintiffs received the check from Abbatt & Minturn without

paying any consideration therefor, and therefore were not entitled to recover thereon from the defendant.

The parties agreed on the following statement of facts: On and before February 18, 1859, Abbatt & Minturn kept two bank accounts, one with the Market Bank (the present plaintiffs), the other with the Bank of Commerce. On February 18 and thereafter they had only a trifling sum in the Bank of Commerce. On February 17 they had on deposit with the Market Bank the sum of six hundred and fifty dollars and fifty cents, and on that day they drew against it three checks in favor of various persons, each for five hundred dollars or upwards, and by the aggregate they thus overdrew their account with the Market Bank one thousand one hundred and ninety-three dollars and seven cents. These three checks were not presented to the Market Bank until February 18, when they were delivered through the clearing house, so that the account of Abbatt & Minturn did not appear overdrawn on the plaintiffs' books on February 17, but the balance of six hundred and fifty dollars and fifty cents appeared in their favor. Abbatt & Minturn obtained the check on which this action was brought, from the defendant, by exchanging checks with him, for their accommodation. They were insolvent at the time, but gave defendant a check on the Bank of Commerce in exchange for his, knowing that they had no funds in that bank. The check they thus obtained, Abbatt & Minturn deposited in the plaintiffs' bank on the 18th. The defendant proved by the manager of the clearing house that the exchanges were made every morning in about ten minutes following ten o'clock; that the delivery of checks by the clerks of the respective banks is for collection, and is not an acceptance by the bank; that the bank has until three o'clock to decide whether they will pay a check or not; that is, they have until three o'clock either to pay it or return it to the bank from which it came.

On these facts the court refused to grant judgment for the plaintiffs, until they should prove what consideration they gave for the check in suit; whereupon they called their book-keeper as a witness, and proved that when the bank closed on the 17th, Abbatt & Minturn had, according to the accounts, a balance of six hundred and fifty dollars in their favor on deposit.

On the 18th, they deposited the twelve-hundred-dollar check in suit, and on that day the bank paid three of Abbatt & Minturn's checks in favor of various third persons above referred to, which left a balance to the credit of Abbatt & Minturn of three dollars and sixty-three cents.

*The supreme court,* at general term, affirmed judgment granted for the plaintiffs, on these facts, on a verdict entered by direction of the judge; and the defendant appealed.

*Charles N. Black,* for defendant, appellant;—As to want of consideration,—cited, Harker *v.* Anderson, 21 *Wend.* 373; Chapman *v.* White, 6 *N. Y.* (2 *Seld.*) 417; *Story on Prom. Notes,* § 488; Catlin *v.* Hansen, 1 *Duer,* 312; Case *v.* Mechanics' Banking Association, 4 *N. Y.* (4 *Comst.*) 166; Stalker *v.* McDonald, 6 *Hill,* 93; Coddington *v.* Bay, 20 *Johns.* 637; Farrington *v.* Frankfort Bank, 24 *Barb.* 554; see 31 *Barb.* 183; Traders' Bank of Rochester *v.* Bradner, 43 *Id.* 379; Hennequin *v.* Naylor, 24 *N. Y.* 139. And insisted that, as there was no proof that plaintiffs paid the three checks *on the faith* of the check in suit, no consideration for the latter appeared; hence it was error to direct a verdict for plaintiff. People *v.* Cook, 8 *N. Y.* (4 *Seld.*) 67; Labar *v.* Koplin, 4 *Id.* (4 *Comst.*) 547; Crawford *v.* Wilson, 4 *Barb.* 504, 518; Rich *v.* Rich, 16 *Wend.* 663, 676.

*Arthur & Gardiner,* for plaintiff, respondent;—Cited, *Edwards on Bills,* 422; Wooster *v.* Jenkins, 3 *Den.* 187; Rice *v.* Mather, 3 *Wend.* 62; Cameron *v.* Chappell, 24 *Id.* 94; Rolfe *v.* Caston, 2 *H. Bl.* 570; Cowley *v.* Dunlop, 7 *T. R.* 565; Buckler *v.* Buttivant, 3 *East,* 72; Rose *v.* Sims, 1 *B. & A.* 521; *Byles on Bills of Ex.* 62; *Chitty on Bills,* 443; Case *v.* Mechanics' Banking Association, 4 *N. Y.* (4 *Comst.*) 166, 168; Agawam Bank *v.* Strever, 18 *N. Y.* 502, 512; Brown *v.* Mott, 7 *Johns.* 361; Grant *v.* Ellicott, 7 *Wend.* 227; Grandin *v.* Le Roy, 2 *Paige,* 509; Bank of Rutland *v.* Buck, 5 *Wend.* 66; Seneca County Bank *v.* Neass, 3 *N. Y.* (3 *Comst.*) 443; Bank of Chenango *v.* Hyde, 4 *Cow.* 567; Bank of St. Albans *v.* Gilliland, 23 *Wend.* 311; Small *v.* Smith, 1 *Den.* 583; Gould *v.*

Segee, 5 *Duer,* 260; Youngs *v.* Lee, 12 *N. Y.* (2 *Kern.*) 551; White *v.* Springfield Bank, 3 *Sandf.* 222; Spencer *v.* Ballou, 18 *N. Y.* 327; Bank of Sandusky *v.* Scoville, 24 *Wend.* 114; 1 *Phill. Ev.* 645; 1 *Greenl. Ev.* § 40; Nichols *v.* Pinner, 18 *N. Y.* 295.

By THE COURT.—PORTER, J.—The check was received by the Market Bank in the usual course of business, before dishonor and without notice of fraud in its origin. On the faith of its validity, it was credited as cash in the account of Abbatt & Minturn, the payees, and on the same day the bank honored their checks for the amount. The plaintiff's title is unimpeached, and the judgment should be affirmed.

All the judges concurred.

Judgment affirmed, with costs.